1  SPENCER HOSIE (CA Bar No. 101777)
   shosie@hosielaw.com
2  BRUCE WECKER (CA Bar No. 078530)
   bwecker@hosielaw.com
3  GEORGE F. BISHOP (CA Bar No. 89205)
   gbishop@hosielaw.com
4  HOSIE RICE LLP
   188 The Embarcadero, Suite 750
5  San Francisco, CA 94105
   (415) 247-6000 Tel.
6  (415) 247-6001 Fax
7
   *Attorneys for Plaintiff*
8  *IMPLICIT NETWORKS, INC.*
9

**FILED** E-filing

NOV 3 0 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*JCS*

10
11          UNITED STATES DISTRICT COURT
12      FOR THE NORTHERN DISTRICT OF CALIFORNIA
              SAN FRANCISCO DIVISION

**5628**

13  IMPLICIT NETWORKS, INC.,

14          Plaintiff,                    Case No. _____

15  v.                                    **ORIGINAL COMPLAINT AND
                                          DEMAND FOR JURY TRIAL**
16  MICROSOFT CORPORATION,

17          Defendants.

18

19
20
21
22
23
24
25
26
27
28

ORIGINAL COMPLAINT AND JURY DEMAND

1   Plaintiff Implicit Networks, Inc. ("Implicit" or "Plaintiff") hereby files its complaint

2   against defendants Microsoft Corporation ("Microsoft") and ("Defendant"), for patent

3   infringement.  For its complaint, Plaintiff alleges, on personal knowledge as to its own acts

4   and on information and belief as to all other matters, as follows:

5                                   **PARTIES**

6       1.      Implicit is a corporation organized under the laws of the State of

7
    Washington, with its principal place of business in Seattle, Washington.
8

9       2.      Microsoft is a corporation organized under the laws of the State of

10  Washington, with its principal place of business in Redmond, Washington.

11                          **JURISDICTION AND VENUE**

12      3.      This complaint asserts a cause of action for patent infringement under the

13
    Patent Act, 35 U.S.C. § 271.  This Court has subject matter jurisdiction over this matter by
14
    virtue of 28 U.S.C. § 1338(a).  Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b)
15
    and (c) and 28 U.S.C. § 1400(b), in that Defendant Microsoft may be found in this district,
16
17  have committed acts of infringement in this district, and a substantial part of the events or

18  omissions giving rise to the claim occurred and a substantial part of property that is the

19  subject of the action is situated in this district.

20      4.      This Court has personal jurisdiction over Defendant Microsoft because

21
    Defendant has a place of business in, and provides infringing products and services in, the
22
    Northern District of California.
23

24                          **INTRADISTRICT ASSIGNMENT**

25      5.      Pursuant to Civil LR 3-2(c), this case should be subject to district-wide

26  assignment because it is an Intellectual Property Action.

27

28

    ORIGINAL COMPLAINT AND JURY DEMAND          1

## COUNT I

## PATENT INTRINGEMENT

6. On September 30, 2003, United States Patent No. 6,629,163 ("the '163 patent") entitled "Method and System for Demultiplexing a First Sequence of Packet Components to Identify Specific Components Wherein Subsequent Components are Processed Without Re-Identifying Components" was duly and legally issued. A true and correct copy of the '163 patent is attached as Exhibit A.

7. Edward Balassanian is the sole inventor of the '163 patent. The '163 patent has been assigned to Plaintiff. Plaintiff Implicit is the sole legal and rightful owner of the '163 patent.

8. Microsoft makes, uses, and sells products that infringe the '163 patent, such products including without limitation, its Windows Filtering Platform, an integral aspect of Microsoft's Vista Windows 7 and Windows Server 2008 releases. In addition, Microsoft has infringed and is still infringing the '163 patents in this country, through, *inter alia*, its active inducement of others to make, use, and/or sell the systems, products and methods claimed in one or more claims of the patents. In addition, Microsoft has infringed and is still infringing these patents in this country through, *inter alia*, providing and selling goods and services including products designed for use in practicing one or more claims of the patents, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the patents. Microsoft has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes these patents.

9. As a result of the infringement by Microsoft, Plaintiff has been damaged, and will continue to be damaged, until these defendants are enjoined from further acts of infringement.

10. Microsoft will continue to infringe unless enjoined by this Court. Plaintiff faces real, substantial and irreparable damage and injury of a continuing nature from infringement for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for entry of judgment:

A. that the '163 patent is valid and enforceable;

B. that Microsoft has infringed one or more claims of the '163 patent;

C. that Microsoft account for and pay to Plaintiff all damages caused by the infringement of the '163 patents, which by statute can be no less than a reasonable royalty;

D. that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Defendants' infringement of the '163 patent;

E. that this Court require Defendant to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

F. that this be adjudged an exceptional case and the Plaintiff be awarded its attorney's fees in this action pursuant to 35 U.S.C. § 285;

G. that this Court award Plaintiff its costs and disbursements in this civil action, including reasonable attorney's fees; and

H. that Plaintiff be granted such other and further relief as the Court may deem just and proper under the current circumstances.

ORIGINAL COMPLAINT AND JURY DEMAND 3

Dated: November 30, 2009

Respectfully submitted,

_____
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*

ORIGINAL COMPLAINT AND JURY DEMAND          4

# DEMAND FOR JURY TRIAL

Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated: November 30, 2009

Respectfully submitted,

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*

ORIGINAL COMPLAINT AND JURY DEMAND          5